IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAGIR PATEL and SONAL PATEL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:23-cv-1306 |
| NMAEMEKA O. ONUBA, | § | |
| TRANSAMERICA PREMIER LIFE | § | |
| INSURANCE COMPANY, WORLD | § | |
| FINANCIAL GROUP and MET LIFE | § | |
| IUL, also known as INDEX UNIVERSAL | § | |
| LIFE, | § | |
| | § | |
| Defendants. | § | |

## JOINT NOTICE OF REMOVAL

Defendants Transamerica Life Insurance Company (incorrectly named as Transamerica Premier Life Insurance Company and Met Life IUL)[1] ("Transamerica") and World Financial Group, Inc. ("WFG"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove the above-captioned action pending in the 408th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

## I.    STATE COURT ACTION

1.      Plaintiffs commenced this action, styled *Jagir Patel and Sonal Patel v. Nmaemeka O. Onuba, Transamerica Premier Life Insurance Company, World Financial Group and Met Life IUL, also known as Index Universal Life,* Cause No. 2023CI09999, by filing their Original Petition in the 408th Judicial District Court Bexar County, Texas, on May 19, 2023.[2]

---

[1] Plaintiffs alleged in their demand letter, which is attached to their Original Petition, that Met Life IUL is a subsidiary of Transamerica.  Upon information and belief, no such entity exists.

[2] Ex. A.

2.      The Original Petition purports to state claims against Transamerica, WFG, and Nmaemeka O. Onuba for violations of Chapter 541 of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act.[3]

## II.     EXHIBITS

3.      Pursuant to 28 U.S.C. § 1446(a), Transamerica and WFG have filed contemporaneously with this Notice of Removal an appendix which includes the following documents:

**Exhibit A:**     Plaintiffs' Original Petition

**Exhibit B:**     Request for Citation

**Exhibit C:**     Certificates of Last Known Mailing Address for Onuba, Transamerica, World Financial, and Met Life IUL

**Exhibit D:**     Non-Military Service Affidavits for Onuba, Transamerica, World Financial, and Met Life IUL

**Exhibit E:**     Affidavits of Service for Onuba, Transamerica, World Financial, and Met Life IUL

**Exhibit F:**     Onuba's Consent to Removal

**Exhibit G:**     Proposed Default Judgment

**Exhibit H:**     Affidavit of Courtney D. Hillard for Attorney's Fees

**Exhibit I:**     Transamerica's Original Answer

**Exhibit J:**     Amended Proposed Default Judgment

**Exhibit K:**     Onuba's Motion to Dismiss, Special Exceptions and Original Answer

**Exhibit L:**     WFG's Original Answer

**Exhibit M:**     Docket Sheet

---

[3] *See* Ex. A.

4.      As of the date of removal, aside from Defendant Onuba's Motion to Dismiss and Special Exceptions, which have not been set for hearing, there are no other motions pending before the state court in this matter.  There are currently no hearings set and no orders have been entered.

5.      Accordingly, and as set forth more fully below, this case is properly removable to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Transamerica and WFG have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### III.      <u>GROUNDS FOR REMOVAL</u>

6.      Plaintiffs served the Original Petition on Transamerica and WFG on September 14, 2023, and September 13, 2023, respectively.[4]  Because this Notice of Removal is being filed within 30 days of service of the Original Petition on Transamerica and WFG, it is timely under 28 U.S.C. § 1446(b)(2)(B).

7.      Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Texas, San Antonio Division, is the appropriate court for filing this Notice of Removal from a court in Bexar County, Texas, where the case is pending.  *See* 28 U.S.C. § 124(b)(7).

8.      Pursuant to 28 U.S.C. § 1446, "all defendants who have been *properly joined and served* must join in or consent to the removal of the action."  *See* 28 U.S.C. § 1446 (b)(2)(A) (emphasis added). As the movants of this Notice of Removal, Transamerica and WFG consent to removal.  Onuba also consents to this Notice of Removal; although, Onuba's consent is not

---

[4] *See* Ex. E.

necessary, as it is an improperly joined party.[5]  As of the date of this Notice of Removal, Transamerica, World Financial, Onuba, and Met Life IUL[6] have been served in this case.[7] Accordingly, all Defendants who have been properly joined and served in the suit consent to removal.

9.      Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## IV.      **DIVERSITY JURISDICTION**

10.      This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (a) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (b) between citizens of different states.  Thus, the case may be removed to this Court by Transamerica and WFG pursuant to 28 U.S.C. § 1441(a).

**A.      Amount in Controversy.**

11.      Plaintiffs' Original Petition specifically alleges that they seek monetary relief in excess of $1,000,000.00.[8]  Thus, the amount in controversy exceeds the sum or value of $75,000.

**B.      Diversity of Citizenship.**

12.      Plaintiffs are residents of Bexar County, Texas.[9]  For purposes of determining diversity jurisdiction, both Plaintiffs are therefore citizens of Texas.

---

[5] *See* Ex. F.

[6] Met Life IUL, a nonexistent entity, was improperly "served" at one of WFG's locations.  *See* Ex. E.

[7] *See* Ex. E.

[8] *See* Ex. A at ¶ 11.

[9] *Id*. Ex. A at 1.a.

13.     Onuba is a resident of Bexar County, Texas.  But, as set forth below, Onuba's citizenship must be ignored for purposes of determining diversity jurisdiction because he was improperly joined in this matter in an attempt to defeat this Court's jurisdiction.

14.     Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.  Thus, Transamerica is a citizen of Iowa for purposes of determining diversity jurisdiction.

15.     WFG is a Delaware corporation with its principal place of business in Johns Creek, Georgia.  Thus, World Financial is a citizen of Delaware and Georgia for purposes of determining diversity jurisdiction.

16.     Because none of the properly joined parties to this action are citizens of the same state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, removal of this action to the United States District Court is proper pursuant to 28 U.S.C. § 1441(a) and (b).

## V.        IMPROPER JOINDER

17.     28 U.S.C. § 1446(a) requires that a notice of removal contain only a "short and plain statement of the grounds for removal."  Transamerica and WFG carry the burden to establish improper joinder and, without waiving their right to supplement this notice, provide the following analysis to show that Plaintiffs improperly joined Onuba for the purpose of defeating diversity jurisdiction.  For this reason, the citizenship of Onuba should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332.

### A.     Legal Standards

18.     A defendant may not remove a state court civil suit to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  The doctrine of improper joinder, however, allows for

removal to federal court despite the fact that nondiverse defendants are named as parties. This is because citizenship of an improperly joined party is disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2003). Thus, the improper joinder doctrine ensures that the presence of an improperly joined, nondiverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).

19.    Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability to establish a cause of action against the nondiverse defendant in state court. *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood,* 385 F.3d at 573). The latter is asserted here.

20.    A defendant claiming improper joinder based on absence of any viable cause of action must show there is no possibility of recovery by the plaintiff against the in-state defendant. *Cuevas v. BAC Home Loans Servicing,* 648 F.3d 242, 249 (5th Cir. 2011). This has been interpreted by the Fifth Circuit to mean the defendant must simply show there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Id.* A "reasonable basis" means more than a mere hypothetical basis. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

21.    To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6) analysis. *Smallwood,* 385 F.3d at 573. This requires the Court to first look at the pleadings to determine whether the allegations state a plausible claim under state law against the non-diverse defendants. *Id.* If a claim is stated, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may

then pierce the pleadings and consider summary judgment-type evidence.  *Id.; Anderson v. GA Gulf Lake Charles,* 342 F. App'x 911, 915-916 (5th Cir. 2009).

**B.    Argument**

22.    Plaintiffs purport to have been fraudulently sold two life insurance policies numbered 0115512928 and 015505412 (together, the "Policies") with a combined death benefit of $1.5 million and to have never received services from Transamerica.[10]  Plaintiffs allege that Transamerica accepted surrender of the Policies but failed to fully refund Plaintiffs' monies owed.[11]  Plaintiffs further allege that their settlement offer was never accepted and that Onuba "never responded."[12]

23.    It appears that the gravamen of Plaintiffs' compliant is that they have not received a full refund of the Policies' premiums.  Plaintiffs' allegations do not implicate any wrongdoing by Onuba.  Plaintiffs concede this inasmuch as their *only* factual allegation as to Onuba in the Original Petition is that he "never responded" to Plaintiffs' demands.[13]

**1.    *Plaintiffs' Original Petition is Facially Insufficient***

24.    The Original Petition fails the basic 12(b)(6) test.  In conducting the 12(b)(6) analysis required by *Smallwood*, it is important to note that whether a plaintiff has stated a valid state law cause of action depends upon the factual relationship between a plaintiff's allegations and the asserted theory of recovery.  *Griggs,* 181 F.3d at 701.  Thus, in addition to identifying a cause of action recognized by state law, the petition must allege facts that support that cause of action.  *See, e.g.*, *Okenkpu v. Alltate Texas Lloyd's,* No. H-11-2376, 2012 U.S. Dist. LEXIS

---

[10] Ex. A at ¶ 16.

[11] Ex. A at ¶ 16.

[12] Ex. A at ¶ 16.

[13] Ex. A at ¶ 16.

41705, at *18-19 (S.D. Tex. Mar. 27, 2012) (citing *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *7) (E.D. Tex. Sept. 29, 2008)); *Lakewood Chiro. Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-CV-165-A, 2009 U.S. Dist. LEXIS 43420, at *8 (N.D. Tex. May 22, 2009) (allegations that are really legal conclusions with no factual support fail to state a claim under both the federal and state rules).

25.     Pursuant to Rule 12(b)(6), dismissal is required if a plaintiff's grounds for entitlement to relief, when assumed to be true, fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152-53 (5th Cir. 2010).  A pleading with "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do, and a court will not accept mere legal allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555).

26.     Plaintiffs' Original Petition does not pass muster under the *Twombly*.  Plaintiffs' boilerplate allegations complain that all of Defendants are liable to Plaintiffs for unspecified violations of Chapter 541 of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act.[14]

27.     Plaintiffs fail to identify which theories of recovery and which causes of action pertain to Onuba.  Most importantly, other than formulaic and conclusory allegations as to the causes of action asserted, Plaintiffs wholly fail to plead any facts specific to Onuba

---

[14] Ex. A at ¶¶ 17-21.

demonstrating he did anything wrongful.  Indeed, the *only* factual reference to Onuba in the entire Petition is that he "never responded" to Plaintiffs claims or settlement demands.[15]  These are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that have been rejected by *Twombly*.

28.    The result is the same even if the Court applies the more liberal notice-pleading standard allowed under the Texas Rules of Civil Procedure.  *See Weldon Contractors,* No. 4:09-CV-165-A, 2009 U.S. Dist. LEXIS 43420, at *8 (N.D. Tex. May 22, 2009) (applying the state standard and concluding that mere recitation of elements of a cause of action are simply legal conclusions, which fail to state a claim under both the federal and state pleading rules).[16]  Given the Petition fails to state a claim that would survive a Rule 12(b)(6) challenge, *Smallwood* dictates that Onuba must be dismissed from this action and that the Court maintain diversity jurisdiction over this matter.

### 2.    *Texas Substantive Law Also Demonstrates Plaintiffs' Original Petition Cannot Survive a 12(b)(6) Challenge*

29.    To survive Rule 12(b)(6), the Original Petition must also establish the prima facie elements of a viable claim under Texas law.  *See Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)) (when evaluating whether a plaintiff can establish a state court claim, district courts apply the substantive law of the forum state); *see also Iqbal,* 556 U.S. at 678 (a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

---

[15] Ex. A at ¶ 16.

[16] Ex. K, Onuba's Motion to Dismiss, Special Exceptions and Original Answer

       i.      <u>Plaintiffs' Insurance Code Violations Claim Against Onuba Fail</u>

30.    Plaintiffs' Original Petition fails to allege any viable claim against Onuba for violations of the Texas Insurance Code. Plaintiffs, again without identifying any Defendant with specificity, globally assert violations of Sections 541.052, 541.060, and 541.061 of the Code pertaining to misrepresentations of insurance policies, misrepresentations of insurance business generally, and unfair settlement practices. Nothing specific is asserted reflecting that Onuba actually did anything in violation of these statutes.

31.    Plaintiffs' allegations also fail to comport with the strict pleading requirements of Rule 9(b). Under Federal Rule of Civil Procedure 9(b), fraud or mistake claims must also "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Rule 9(b) pleading violations are treated the same as dismissals under Rule(b)(6) for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F. 3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit has interpreted Rule 9(b) to require pleadings with "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005).

32.    The Original Petition does not identify any act or misrepresentation made by Onuba, nor does it identify when and why such statements were made, or why the alleged statements constituted fraud. Plaintiffs only allege that Onuba "never responded." Plaintiffs' have failed to provide any factual basis that would indicate a viable cause of action under the Texas Insurance Code exists against Onuba. Absent compliance with Rule 9, there is no reasonable basis for the Court to assume that Plaintiffs would be able to recover against Onuba. Accordingly, dismissal of Onuba is proper, and removal is appropriate in this case.

ii.    Plaintiffs' Deceptive Trade Practices Claim Fails

33.    Texas law permits a DTPA action "against an insurance agent when that agent engages in unfair or deceptive acts." *Lopez v. OM Fin. Life Ins. Co.*, No. H-09-789, 2009 WL 2591248, at *2 (S.D. Tex. Aug. 19, 2009) (citing *Griggs*, 181 F.3d at 701). Liability is only imposed, however, "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Griggs*, 181 F.3d at 701.

34.    Plaintiffs DTPA claim asserts that "Defendants' conduct constituted violations" of Sections 17.46 and 17.50 of the DTPA.[17] Plaintiffs do not supplement their mere recitation of the elements with any facts specific to any alleged wrongdoing by any Defendant, including Onuba. Further, Plaintiffs have failed to indicate the specific policy terms that were violated as is required to recover from an agent under the DTPA. *See Griggs*, 181 F.3d at 701. Similar to the reasons Plaintiffs' Insurance Code violation claim must fail, Plaintiffs have also failed to state a viable DTPA claim against Onuba.

## VI.    **CONCLUSION**

This Court has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all real parties in interest (Plaintiffs, Transamerica, and WFG) and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs. This action was timely and properly removed to federal court and Onuba should be dismissed from this matter because he was improperly joined in an effort to defeat diversity jurisdiction. For these reasons, removal of this action is proper.

---

[17] Ex. A. at ¶¶ 17-18.

Respectfully submitted,

*/s/ LaCrecia Perkins*
Stephen R. Clarke
State Bar No. 24069517
LaCrecia Perkins
State Bar No. 24091574

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 phone
(214) 745-5390 fax
sclarke@winstead.com
lperkins@winstead.com

**ATTORNEYS FOR DEFENDANT TRANSAMERICA
LIFE INSURANCE COMPANY AND WORLD
FINANCIAL GROUP**

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, a true and correct copy of foregoing with all attachments were electronically transmitted using the ECF System for filing and forwarded to all counsel of record via email.

*/s/ LaCrecia Perkins*
LaCrecia Perkins